UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

MICHAEL HILL,

                                       Plaintiff

DECISION AND ORDER

-vs-

09-CV-6546 CJS

DAVID NAPOLI, et al.,

                                       Defendants

_____

## INTRODUCTION

Now before the Court is Plaintiff's motion (Docket No. [#41]) to supplement the Complaint. The application is denied.

## BACKGROUND

On October 29, 2009, Plaintiff commenced this action. On April 28, 2010, the Honorable Jonathan W. Feldman, United States Magistrate Judge, issued a Scheduling Order [#11], which directed that "[a]ll motions to join other parties or to amend pleadings shall be filed by June 30, 2010." The Scheduling Order further directed that "[n]o extension of the above cutoff dates will be granted except upon written joint motion, filed prior to the cutoff date, showing good cause for the extension."

On November 23, 2010,[1] Plaintiff filed the subject motion, which seeks to supplement the Complaint to add two retaliation claims. First, Plaintiff alleges that

---

[1] The motion is dated November 23, 2010, and the envelope in which it was mailed to the Court is postmarked November 24, 2010. The motion was presumably received by the Court in the ordinary course. However, due to a clerical oversight, the motion was not docketed until recently, on November 13, 2012. However, this docketing delay has no bearing on the outcome of the motion, since the motion was untimely even when it was mailed.

on July 13, 2009, Corrections Officer Timothy Harvey ("Harvey") destroyed three of his book manuscripts. Second, Plaintiff alleges that on January 21, 2010, Harvey physically assaulted him. Significantly, both of these alleged events occurred well before the expiration of the deadline for amending the pleadings. In fact, they both allegedly occurred even before Magistrate Judge Feldman issued his Scheduling Order. However, the motion [#41] does not acknowledge that it was filed after the deadline for amending pleadings, nor does it offer any explanation for such late filing.

## DISCUSSION

The legal principles applicable to Plaintiff's application were recently discussed by another Judge of this Court:

> In deciding a motion to amend filed after the deadline for amending the pleadings has expired, a court must balance the requirements of Rules 15(a) and 16(b) of the Federal Rules of Civil Procedure. *See Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 339 (2d Cir.2000). Under Rule 15, "[t]he Court should freely give leave [to amend] when justice so requires." Fed.R.Civ.P. 15(a)(2). Generally, under Rule 15, if the underlying facts or circumstances relied upon by a party seeking leave to amend may be a proper subject of relief, that party should be afforded the opportunity to test the claim on its merits. *United States ex rel. Mar. Admin. v. Cont'l Ill. Nat'l Bank and Trust Co. of Chi.*, 889 F.2d 1248, 1254 (2d Cir.1989) (*quoting Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. at 182.

According to Rule 16(b), the district court shall enter a scheduling order setting a deadline for subsequent proceedings in the case, including amendments to the pleadings. Fed.R.Civ.P. 16(b). By limiting the time for amendments, the rule is designed to offer a measure of certainty in pretrial proceedings, ensuring that "at some point both the parties and the pleadings will be fixed." See Fed.R.Civ.P. 16. Advisory Committee's Note (1983 amendment, discussion of subsection (b)). The rule provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed.R.Civ.P. 16(b)(4); *see also Parker v. Columbia Pictures Indus.*, 204 F.3d at 340.

In *Parker*, the Second Circuit addressed the showing required of a party moving to amend its pleadings after the time set by the court for filing such motions. 204 F.3d at 340. In that case, the court joined several other circuits in holding that "the Rule 16(b) 'good cause' standard, rather than the more liberal standard of Rule 15(a), governs a motion to amend filed after the deadline a district court has set for amending the pleadings." *Id.* (internal citations omitted) (collecting cases).

According to the Second Circuit, "despite the lenient standard of Rule 15(a), a district court does not abuse its discretion in denying leave to amend the pleadings after the deadline set in the scheduling order where the moving party has failed to establish good cause." *Parker*, 204 F.3d at 340. "Good cause," the court reasoned, "depends on the diligence of the moving party." *Id.*; *accord Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir.2009) ( "[w]hether good cause exists turns on the 'diligence of the moving party' ") (*quoting Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2d Cir.2003)), *cert. denied*, 131 S.Ct. 795 (2010); *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir.2007); *Carnrite v. Granada Hosp. Grp., Inc.*, 175 F.R.D. 439, 446 (W.D.N.Y.1997).

In determining whether to grant a motion to amend, the Court must weigh the good cause shown for the delay against the prejudice to the non-movant that will result from the amendment. *See Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d at 244; *Evans v. Syracuse City Sch.*

*Dist.*, 704 F.2d 44, 46–47 (2d Cir.1983). Considerations of prejudice include whether the new claim would (i) require significant additional discovery; (ii) significantly delay the resolution of the dispute; or (iii) prevent the non-moving party from bringing a timely action in another jurisdiction. *Block v. First Blood Assoc.*, 988 F.2d 344, 350 (2d Cir.1993) (collecting cases). "However, the absence of prejudice to a nonmoving party does not alone fulfill the good cause requirement of Rule 16(b)." *Woodworth v. Erie Ins. Co.*, 2009 WL 3671930, *3 (W.D.N.Y.2009) (emphasis omitted) (internal citations omitted).

*Yates v. Cunningham*, NO. 08-CV-6346CJS, 2012 WL 4473260 at *1-3 (W.D.N.Y. Sep. 7, 2012) (Payson, M.J.), *report and recommendation adopted by* 2012 WL 4473257 (W.D.N.Y. Sep. 26, 2012).

In the instant case, Plaintiff's motion was untimely, because it was filed long after the expiration of the court-ordered deadline for amending pleadings. Plaintiff did not attempt to show good cause for the delay, and it does not appear that he was diligent in seeking the amendment since the events described in the proposed amended pleading occurred long before the deadline for filing amended pleadings.

## CONCLUSION

Plaintiff's motion to file a supplemental pleading [#41] is denied.

SO ORDERED.

Dated: Rochester, New York
    December 4, 2012

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge