UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MICHAEL HILL, 90-B-0732,

                            Plaintiff

-vs-

DAVID NAPOLI, NORMAN R. BEZIO, ANGIE
GORG, KATHY FELKER, ROGER HELD,
TIMOTHY HARVEY, JOHN ROBERS,
TIMOTHY ALLISON, RANDY P. HURT,
JACQUELINE M. MACKEY, JAMES ESGROW
AND WILLIAM J. ABRUNZO,

                            DefendantS

DECISION AND ORDER

09-CV-6546 CJS

_____

INTRODUCTION

Plaintiff, a prisoner in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), is suing pursuant to 42 U.S.C. §§ 1983 & 1985, alleging that Defendants violated his federal constitutional rights. Now before the Court is Plaintiff's motion for summary judgment (Docket No. [#26]) and his motion for sanctions [#40]. For the reasons that follow, the application for sanctions [#40] is denied, and Defendants are granted leave to respond to the summary judgment motion, by opposing the motion and/or filing a cross-motion for summary judgment.

BACKGROUND

On October 29, 2009, Plaintiff commenced this action, complaining about a variety of alleged incidents at Southport Correctional Facility ("Southport"). The

1

"Verified Complaint" is a 30-page document, supplemented by a 13-page "Statement of Material Facts Pursuant to Rule 56.1" and 96 pages of exhibits, purporting to describe a number of different incidents and claims. Construed liberally, the Complaint alleges the following claims.

In or about June 2009, Corrections Officer Roger Held ("Held") began to verbally harass Plaintiff about lawsuits that Plaintiff had filed against DOCCS staff. Specifically, Plaintiff alleges that Held was aware of other lawsuits that Plaintiff had filed in this Court, *Hill v. Washburn*, 08-CV-6285 and *Hill v. Mallory*, 06-CV-6568. *See*, Complaint ¶ ¶ 35-36. At around this same time, Corrections Officer Timothy Harvey ("Harvey") destroyed "a large portion of Plaintiff's legal and personal property," after he learned about the *Hill v. Mallory* lawsuit. Complaint ¶ ¶ 29, 38. Corrections Officer John Rogers ("Rogers") also searched Plaintiff's cell without authorization and confiscated and destroyed Plaintiff's property. Complaint ¶ 42.

On or about July 13, 2009, Held allowed a certain inmate out of his cell to act as a porter. Plaintiff and other inmates protested against having that inmate as a porter. Held subsequently issued a misbehavior report to Plaintiff, alleging that Plaintiff had threatened not to return his food tray because he was upset about the new porter. Held alleged that Plaintiff was a member of the Bloods Gang, and that he had attempted to usurp Held's authority.

Corrections Sergeant Timothy Allison ("Allison") was aware that Held's misbehavior report was false, but he approved it, and subsequently issued Plaintiff a number of Deprivation Orders and Restraint Orders, pending a hearing on the

misbehavior report. Specifically, Allison issued Plaintiff Deprivation Orders denying him various privileges such as exercise, showers and haircuts. Allison also issued Plaintiff Restraint Orders, requiring that he be handcuffed behind his back, with a waist chain and leg restraints, whenever he was allowed out of his cell. While on this restraint order, Plaintiff was placed in a dirty cell. Complaint ¶ 74. Plaintiff further claims that while on this restraint order, he made daily requests for sick call, but the medical staff only recorded one such request.

In preparation for his disciplinary hearing on the misbehavior report, Plaintiff selected Jacqueline Mackey ("Mackey") to serve as his Inmate Assistant. On or about July 15, 2009, Plaintiff asked Mackey to gather witness statements and documentary evidence. In that regard, Plaintiff told Mackey that he intended to defend himself at the disciplinary hearing by arguing that the misbehavior report was false and retaliatory. Plaintiff contends, though, that Mackey refused to provide the material he requested, and told him that he should not claim that the misbehavior report was retaliatory, but should try to blame the incident on some other inmate. Plaintiff also alleges that Mackey refused to turn over evidence that was helpful to him. Complaint ¶¶ 58-59.

On or about July 20, 2009, Hearing Officer James Esgrow ("Esgrow") commenced the disciplinary hearing on the misbehavior report. Complaint ¶¶ 54-57. Plaintiff contends that Esgrow improperly adjourned the hearing for false reasons, took statements from witnesses outside of Plaintiff's presence, failed to obtain evidence, and did not allow Plaintiff to question witnesses. Esgrow found

Plaintiff guilty and imposed a sentence that included six months in the Special Housing Unit ("SHU"). Complaint ¶ 61.

Plaintiff subsequently filed an appeal based on the allegations set forth above. DOCCS's Director of the Special Housing Inmate Disciplinary Program, Norman Bezio ("Bezio"), denied Plaintiff's appeal. Complaint ¶ 60.

Plaintiff filed various grievances and complaints about the Misbehavior Report, Deprivation Orders and Restraint Orders. Plaintiff also complained that some of his property had been taken by staff. On or about August 3, 2009, Southport Superintendent David Napoli ("Napoli") was making his rounds of the prison, and Plaintiff asked him whether an investigation was being conducted concerning his complaints. Napoli became "belligerent" and stated that his staff would not engage in wrongdoing, and that he was tired of investigating Plaintiff's complaints. Plaintiff alleges that Napoli further directed that he be deprived of food for 72 hours. Complaint ¶ 77. Plaintiff further alleges that Corrections Sergeant Randy Hurt ("Hurt") assisted in the retaliation by falsifying the results of his investigation into Plaintiff's grievances, and directing officers to destroy his property. See, Complaint ¶¶ 40-41.

Plaintiff alleges that Nurse Angie Gorg ("Gorg"), and Nurse Administrator Cathy Felker ("Felker"), refused to provide him with appropriate medical care for a skin rash, stomach pain, diarrhea and vomiting. Complaint ¶¶ 85-86, 91-98. Plaintiff indicates the he filed a grievance concerning this matter (SPT-47427-09), and that when the grievance investigation was completed, Gorg retaliated against

him by attempting to force him to receive a Tuberculosis ("TB") injection, which he refused. Complaint ¶ 79. Plaintiff alleges that, in order to coerce him into having the TB injection, Gorg threatened to file a false misbehavior report against him, and then had him deprived of recreation, visits and all other privileges.

Plaintiff attempted to file a grievance against Gorg, but the Grievance Program Supervisor, William Abrunzo ("Abrunzo"), did not process or investigate the grievance. Complaint ¶¶ 79-81.

On March 12, 2010, Defendants answered the Complaint. The undersigned then referred the matter to the Honorable Jonathan W. Feldman, United States Magistrate Judge, for all non-dispositive pretrial matters.

On November 16, 2010, Plaintiff filed the subject motion for summary judgment. On December 2, 2010, Defendant's counsel, Mr. Pernick, wrote to the Court, and stated that Plaintiff's motion was procedurally "inadequate." For example, Pernick indicated that Plaintiff had not filed a statement of facts with citations to the record. Pernick asked that the Court relieve him from having to respond to the motion, and direct Plaintiff to file another motion. The Court did not respond directly to Pernick's letter.

On February 8, 2011, the Court ordered that Plaintiff's summary judgment motion be held in abeyance, pending the resolution of certain discovery-related motions that were pending before Magistrate Judge Feldman. In that Order [#35], the Court observed that the deadline for filing dispositive motions, February 18, 2011, was fast approaching, and that Defendants should address any request to

extend that deadline to Magistrate Judge Feldman. Defendants did not make any such request, apparently because Mr. Pernick was awaiting a response to his earlier letter.

On March 31, 2011, Magistrate Judge Feldman issued a Decision and Order [#37] resolving the outstanding discovery motions. As part of that Decision and Order, Magistrate Judge Feldman noted that Defendants had not requested any extension of the deadline for dispositive motions, and that accordingly, "the only summary judgment that has been timely filed is the Plaintiff's." *Id*. at p. 5. On April 11, 2011, Mr. Pernick responded by contacting Magistrate Judge Feldman's chambers, explaining that his December 2, 2010 letter, of which Magistrate Judge Feldman had been unaware, should be construed as a request for an extension of the filing deadline, and requesting an opportunity to respond to Plaintiff's motion and/or to file a cross-motion for summary judgment. Magistrate Judge Feldman forwarded Mr. Pernick's request to the undersigned. On April 14, 2011, Plaintiff filed an opposition to Pernick's request.

On November 4, 2011, Plaintiff filed a document [#40] designated as a "Notice of Motion Adoption of Exhibits." In it, Plaintiff asks that the Court accept additional documents in support of his summary judgment motion, but prohibit Defendants from responding to them, and "not utilize [the submission] as a means to grant the Defendants' an excuse to file a late answer to the summary judgment motion." Plaintiff further asked that the Court "grant sanction[s] against the Defense Counsel for bad faith acts."

ORDER

Having considered all of the foregoing, it is hereby

ORDERED, that Plaintiff's application for sanctions [#40] is denied, as Plaintiff has not demonstrated his entitlement to such relief; and it is further

ORDERED, that Plaintiff's application for summary judgment shall consist of the statement of facts ("Statement of Material Facts Pursuant to Rule 56.1") attached to his Complaint, the summary judgment motion [#26], and the supplemental documents filed as document [#40]; and it is further

ORDERED, Defendants shall file and serve a response to Plaintiff's motion for summary judgment and his motion to supplement the Complaint, <u>along with any cross-motion for summary judgment</u>, on or before **January 4, 2013**; and it is further

ORDERED, that Plaintiff may file and serve a reply on or before **February 1, 2013** (*such reply shall not exceed ten pages in length total, including exhibits*); and it is further

ORDERED, that the Court shall issue a written decision after February 1, 2013.

SO ORDERED.

Dated:   Rochester, New York
         December 4, 2012

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge