```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
```

MICHAEL HILL,

                Plaintiff,          **DECISION AND ORDER**
                                                  **No.6:09-CV-6546-MAT**
     -vs-

DAVID F. NAPOLI, et al.,

                Defendants.
_____

## I. Introduction

Michael Hill ("Plaintiff"), an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), brought this pro se action pursuant to 42 U.S.C. §§ 1983 and 1985 against Defendants for alleged violations of his First, Eighth, and Fourteenth Amendment rights. See Complaint ("Compl.") (Dkt #1). After Defendants answered the Complaint, the matter proceeded to discovery. Plaintiff then filed a Motion to Compel Discovery (Dkt #51) and Motion for Summary Judgment (Dkt #26). Defendants opposed both of Plaintiff's motions, and cross-moved for dismissal of the Complaint (##47, 53) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)"). Based upon the contents of the parties' submissions and the arguments made therein, the Court determined that it was proper to treat Defendants' motion to dismiss as a cross-motion for summary judgment.

On March 31, 2014, the Court issued a Decision and Order (Dkt #58) denying with prejudice Plaintiff's Motion to Compel Discovery (Dkt #51); denying with prejudice Plaintiff's Motion for Summary Judgment (Dkt #26); granting Defendants' Motion to Dismiss/Cross-Motion for Summary Judgment (Dkt #47); and dismissing the Complaint in its entirety with prejudice. Judgment (Dkt #59) was entered that day. Plaintiff filed a Notice of Appeal with the Second Circuit Court of Appeals on May 5, 2014.

On July 22, 2014, Plaintiff filed a document in this Court captioned as a "Motion to Reconsider/Reargue Pursuant to 59(e) 60(b)", which was docketed as a Motion for Reconsideration (Dkt #65). On September 5, 2014, a Notice of Stay (Dkt #66) was filed in this Court with regard to Plaintiff's appeal to the Second Circuit.

Defendants have not responded to Plaintiff's Motion for Reconsideration. For the reasons set forth below, Plaintiff's application is denied.

## II. Relevant Legal Standards

Motions to alter or amend the judgment under Rule 59(e) "must be filed no later than 28 days after the entry of the judgment." FED. R. CIV. P. 59(e). Importantly, "a court must not extend time to act under Rules . . . 59(b), (d), and (e) and 60(b)." FED. R. CIV. P. 6(b)(2). This rule limiting the Court's discretion is "mandatory and jurisdictional and . . . cannot be circumvented regardless of

excuse." Rodick v. City of Schenectady, 1 F.3d 1341, 1346 (2d Cir. 1993) (citation and quotation omitted). Furthermore, Plaintiff's pro se status "does not exempt [him] from compliance with relevant rules of procedural and substantive law." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006).

Plaintiff's Motion for Reconsideration was not filed until nearly three months after the entry of judgment in this case, and it therefore is untimely. However, under Second Circuit case law, "an untimely motion for reconsideration is treated as a Rule 60(b) motion" to vacate the judgment. Lora v. O'Heaney, 602 F.3d 106, 111 (2d Cir. 2010) (citing Branum v. Clark, 927 F.2d 698, 704 (2d Cir. 1991)). Rule 60(c) provides that "[a] motion under Rule 60(b) must be made within a reasonable time-and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." FED R. CIV. P. 60(c). A Rule 60(b) motion "is addressed to the sound discretion of the district court. . . ." Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986) (citations omitted).

It is clearly settled, however, that a motion under Rule 60(b) "cannot serve as an attempt to relitigate the merits" of a prior decision. Fleming v. New York Univ., 865 F.2d 478, 484 (2d Cir. 1989) (citing Mastini v. American Tel. & Telegraph Co., 369 F.2d 378, 379 (2d Cir. 1966), cert. denied, 387 U.S. 933 (1967); Nederlandsche Handel-Maatschappij, N.V. v. Jay Emm, Inc., 301 F.2d

114, 115 (2d Cir. 1962)). A court considering a Rule 60(b) motion "must balance the policy in favor of hearing a litigant's claims on the merits against the policy in favor of finality." Kotlicky v. United States Fidelity & Guar. Co., 817 F.2d 6, 9 (2d Cir. 1987) (citation omitted). The Second Circuit has characterized Rule 60(b) relief as "extraordinary" requiring proof of "exceptional circumstances." Id. (citations omitted). Thus, before granting a Rule 60(b) motion, a court should be satisfied that the claims are supported by "highly convincing" evidence; that "good cause" is shown as to why the movant could not have acted sooner; and that "no undue hardship [is] imposed on other parties." Kotlicky, 817 F.2d at 9 (citations omitted).

A court may grant a motion brought under Rule 60(b) for the following reasons: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . . ; or (6) any other reason that justifies relief." FED. R. CIV. P. 60(b). According to Plaintiff, vacatur is warranted because this Court erroneously resolved disputes meant for a trial jury; "misquoted, misconstrued, misinterpreted, and misapplied facts, exhibits and case law"; and committed a "clear mistake or a

misconduct that has caused an injustice." Plaintiff's Motion for Reconsideration ("Pl's Mot."), ¶ 4. The Court finds that Plaintiff's motion is most properly considered under subsection (1) of Rule 60(b), which allows a litigant relief from judgment because of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). The other subsections of Rule 60(b) are inapplicable here. While subsection (6), also known as Rule 60(b)'s catchall provision, potentially could apply, the Second Circuit has made clear that a district court may consider a motion under that provision "only if the other, more specific grounds for relief encompassed by [Rule 60(b)] are inapplicable." Maduakolam v. Columbia Univ., 866 F.2d 53, 56 (2d Cir. 1989) (citing Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 863-64 (1988); other citation omitted).

**III. Discussion**

In his Motion for Reconsideration, Plaintiff has assigned error to the Court's analysis of each and every one of his causes of actions. His arguments are discussed in turn below.

    **A.  Interference with Legal Papers**

In his Complaint, Plaintiff asserted that Corrections Officer ("C.O.") Harvey read his trial transcripts and destroyed a large portion of his legal papers, thereby violating his Due Process rights. Plaintiff did not allege a First Amendment retaliation claim, but the Court construed these allegations broadly to assert

one. The Court found the critical element of "actual injury" lacking because Plaintiff failed to allege that he was hindered in his ability to pursue a lawsuit based on C.O. Harvey's actions. See Davis v. Goord, 320 F.3d 346, 352 (2d Cir. 2003) (actual injury necessary for an interference-with-First Amendment-rights claim occurs only when the loss of the inmate's pleadings prejudiced his ability to pursue a legal claim).

Plaintiff now asserts that the Court's ruling was "false" because he "was in settlement negotiation and C.O. Harvey's destroying of transcripts and communications from pro bono counsel . . . caused an unfavorable settlement of case Hill v. Beall." Pl's Mot., ¶ 16. This Court's research reveals that "Hill v. Beall" was a case pending in this District before District Judge Siragusa. See Hill v. Beall, et al., 6:06-cv-06568-CJS-JWF (W.D.N.Y. 2006). It terminated on May 5, 2010, with DOCCS paying $21,500.00 to settle Plaintiff's claims.

As an initial matter, the Court notes that Plaintiff failed to mention Hill v. Beall in connection with his allegations concerning C.O. Harvey in his Complaint. Furthermore, Hill v. Beall resulted in Plaintiff's receipt of a favorable settlement–notwithstanding C.O. Harvey's alleged interference with his legal papers. This fact contradicts Plaintiff's claim of prejudice and precludes a finding of actual injury resulting from C.O. Harvey's actions. Accordingly, the Court finds no basis to deviate from its holding that

Plaintiff's retaliation claim against C.O. Harvey fail as a matter of law.

### B.  **Mechanical Restraints**

In its Decision and Order, the Court interpreted Plaintiff's Complaint as alleging that Defendants violated his Due Process rights by placing him in mechanical restraints during his transfer to Level 1. The Court found no constitutional violation because the restraint order was reviewed regularly by prison staff. Plaintiff states that the Court "lied" because his placement in restraints occurred during all of his out-of-cell movements, not just during his transfer. This is irrelevant to the disposition of Plaintiff's Due Process claim.

As Plaintiff states in his Motion for Reconsideration, "Defendants' co-workers daily review[ed] said [restraint] status. . . ." Pl's Mot., ¶ 17. Plaintiff thus admits that Defendants complied with the applicable State regulation, Title 7, N.Y. Comp. R. & Reg., § 305.2(c). Clearly, there was no violation of New York State law, much less a Due Process error of Federal constitutional magnitude. See, e.g., Dawes v. Coughlin, 964 F. Supp. 652, 658 (N.D.N.Y. 1997) ("It has been held that the daily review of deprivation orders, the availability of the inmate grievance program, and the fact that an inmate has a judicial remedy to challenge deprivation orders, and restraining orders, under [Civil Practice Law and Rules] article 78 clearly provide due process of

law.") (citation omitted), aff'd, 159 F.3d 1346 (2d Cir. 1998). The Court adheres to its ruling that Plaintiff's Due Process claim regarding the restraint order fails as a matter of law.

### C. Deprivation Orders

Plaintiff states that the Court erred because it did not mention the dates on which certain of his privileges (e.g., exercise and haircut) were restored. Based upon this alleged omission, Plaintiff surmises that the Court failed to completely examine the actual conditions of his confinement. Contrary to Plaintiff's contention, the Court reviewed all of the deprivation orders in the record. As the Court found in its Decision and Order, each order was of a limited duration and insufficient to implicate a liberty interest. Again, Plaintiff has failed to establish a violation of his Due Process rights.

### D. Retaliation for Filing Grievances

Plaintiff takes issue with the Court's ruling that because it did not sufficiently establish a causal nexus between C.O. Held's filing of a misbehavior report against him on July 13, 2009, and any protected conduct, he failed to state a claim of retaliation. Plaintiff states that he alleged in his Complaint that "almost immediately after Mr. Hill complained to the Inspector General's office regarding the events in Hill v. Washburn WDNY 08-CV-6285," C.O. Held "wrote his false report. . . ." Compl., ¶ 35 (citing Exhibit ("Pl's Ex.") L). This exhibit is a memorandum from Vernon

Fonda, Director of Operations, Inspector General's Office ("IGO"), dated July 2, 2009, indicating that he had received Plaintiff's letter dated June 29, 2009, and that they were referring it to the Southport superintendent "for review and any action they deem appropriate." Pl's Ex. L.

As an initial matter, C.O. Held's misbehavior report was not issued "almost immediately" after Plaintiff's correspondence to the IGO. Furthermore, C.O. Held was not a defendant in Hill v. Washburn, the case that was the subject of Plaintiff's letter to the IGO. The conduct complained of in Hill v. Washburn (the alleged mishandling of Plaintiff's mail) was wholly unrelated to C.O. Held or this lawsuit, and it predated the July 2009 misbehavior report by two years. The Court therefore adheres to its ruling that Plaintiff has not shown a causal nexus between any action Plaintiff may have taken in regard to Hill v. Washburn and C.O. Held's misbehavior report on July 13, 2009.

**E.   Adjournments of the Disciplinary Hearing**

Plaintiff continues to assert that a jury must resolve whether Hearing Officer James Esgrow ("H.O. Esgrow") complied with applicable New York State regulations when he obtained an adjournment in the disciplinary hearing about which Plaintiff complains in this matter. As the Court previously held, this claim is not cognizable in a Section 1983 action because "Federal constitutional standards rather than state law define the

requirements of procedural due process." Russell v. Coughlin, 910 F.2d 75, 78 n.1 (2d Cir. 1990) (citation omitted). Plaintiff has offered no basis for reconsideration of this ruling, and the Court's dismissal of this claim stands.

**F.  Failure to Call Inmate Witness**

Plaintiff attempts to reargue his Due Process claim regarding H.O. Esgrow's decision not to call inmate witness, Deatrick Marshall ("Marshall"). According to Plaintiff, H.O. Esgrow improperly labeled Marshall's testimony as "redundant, knowing I was prevented from knowing the nature of [it] due to him ordering assistant not to bring it back to me." Pl's Mot., ¶ 23.

The Court again has reviewed the disciplinary hearing transcript, and adheres to its ruling that the hearing officer did not improperly find Marshall's testimony to be cumulative. When the hearing officer asked Hill what Marshall would say differently than what the three testifying inmate witnesses had already said (i.e., that Hill had not said what C.O. Held accused him of saying), Plaintiff was unable to articulate anything specific, commenting, "maybe he going to say I didn't say anything, that he was the one who actually said it or you know what I mean." Thus, Plaintiff did not even know if Marshall would have provided exonerating testimony. His assertion that Marshall would have confessed to saying what C.O. Held accused Hill of saying is pure speculation. H.O. Esgrow thus did not abuse his discretion in declining to call

Marshall, and the Court adheres to its ruling that there was no constitutional violation in this regard.

### G. Inadequate Employee Assistant

In his Complaint, Plaintiff asserted H.O. Esgrow "caus[ed] assistant [Jacqueline Mackey] not to question witnesses and bring back statements describing their potential testimony." Compl., ¶ 57(ii). The Court found that there was no evidence that Mackey failed to fulfill her duties as Plaintiff's assistant, given that she verified in writing that she had interviewed all of Plaintiff's witnesses, and that they all agreed to testify that Plaintiff had not made any threats to C.O. Held about withholding feed-up trays or choosing porters. In his Motion for Reconsideration, Plaintiff has impermissibly altered his allegations to accuse Mackey directly, stating that she never brought back written statements of witnesses and never allowed Plaintiff to know what they were going to say. The Court rejects Plaintiff's attempt to relitigate his Due Process claim regarding the assistance he received at his hearing, which was, by all accounts, more than adequate.

### H. Application of Erroneous Evidentiary Standard

Plaintiff contends that the Court erred in finding that H.O. Esgrow's disciplinary finding satisfied Due Process requirements because it met the "some evidence" standard articulated by the Supreme Court in <u>Superintendent v. Hill</u>, 472 U.S. 445 (1985)

(holding that a state prison disciplinary determination will withstand a due process challenge if the decision is supported by "some evidence"). Plaintiff contends that this was incorrect because H.O. Esgrow has been "shown to be partial and arbitrarily exercising bids." Pl's Mot., ¶ 25. Therefore, Plaintiff asserts, the Court should have applied the more demanding "preponderance of the evidence" standard. Plaintiff's allegations of partiality and bias on the part of H.O. Esgrow are pure speculation. Furthermore, his citation of footnote 4 in Brown v. Fauver, 819 F.2d 395, 399 n.4 (3d Cir. 1987), is inapposite inasmuch as that dealt with the legality of a New Jersey prison regulation in the context of the burden of proof to be applied at prison disciplinary hearing, not to the standard of review to be used by a federal court when assessing the constitutionality prison disciplinary hearing. In the latter situation, the Third Circuit indicated, Hill applies. Brown, 819 F.2d at 399 n.4. Thus, Brown does not support the proposition that this Court erred in applying Hill in Plaintiff's case.

Finally, Plaintiff reiterates his argument that Director of Special Housing Norman Bezio should be held liable because, by affirming the disciplinary hearing on administrative appeal, he condoned and ratified all of the errors committed by H.O. Esgrow and Southport staff members. As the Court previously found, there were no errors of constitutional magnitude in the conduct of

Plaintiff's disciplinary hearing. Accordingly, there is no basis to impose liability on Director Bezio.

### J.    Conspiracy

Plaintiff asserts that because the Court did not cite every paragraph of his Complaint, it ignored various allegations that were relevant to his claims of conspiracy under 42 U.S.C. § 1983 and § 1985. Contrary to Plaintiff's suggestion, the Court did consider his Complaint in its entirety. Nevertheless, the Court could not, and cannot find, any non-conclusory, colorable allegations of conspiracy in the Complaint. The Court therefore finds no basis to reconsider its holding that Plaintiff's conspiracy claims fail as a matter of law.

### K.    Cell Conditions

Plaintiff takes issue with the Court's resolution of his claim concerning the allegedly unhygienic conditions of his cell–that it was dirty, infested with ants, and smelled of urine. As a result, he suffered from intestinal-related symptoms for "days". Plaintiff also mentioned in passing in his Complaint that he was deprived of meals for 72 hours, but he provided no other specifics. The Court dismissed these allegations as contradicted by his exhibits and as insufficient as a matter of law.

Plaintiff now has amplified his allegations regarding his cell stating that the "ants were actually termites", and speculating that an inmate with mental health problems had previously lived in

his cell and urinated on the walls and floor. This alteration of Plaintiff's allegations is an impermissible attempt to belatedly amend his Complaint and reargue his motion for summary judgment. In any event, the Court declines to reconsider its ruling that these claims must fail because Plaintiff has not shown that Defendants violated the Eighth Amendment. The conditions alleged, as the Court stated in its Decision and Order, did not expose Plaintiff to conditions posing an unreasonable, substantial risk of harm to his health. And, as the Court previously noted, the exhibits indicate that Plaintiff was seen on sick call for his complaints of ill health stemming from his cell conditions.

Finally, with regard to the alleged deprivation of meals, Plaintiff again has expanded upon the allegations in his Complaint. He now identifies who allegedly was responsible, stating that Superintendent Napoli ordered his staff to "not feed" Plaintiff from August 3, to August 6, 2009 in retaliation for Plaintiff complaining to Superintendent Napoli about various topics. He also states that he was deprived of 9 meals. Again, this embellishment represents an impermissible attempt by Plaintiff to belatedly amend his Complaint and reargue his motion for summary judgment.

Furthermore, there is an additional basis for dismissing this claim, namely, that Plaintiff failed to exhaust his administrative remedies. See, e.g., Macias v. Zenk, 495 F.3d 37, 40 (2d Cir. 2007) (stating that "'the PLRA's exhaustion requirement applies to all

inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong'") (quotation omitted). Although an inmate's informal complaints may give prison officials substantive notice of the inmate's claim, the inmate, to avoid dismissal, nevertheless must "procedurally exhaust his available administrative remedies." Macias, 495 F.3d at 43 (citation omitted). The record, consisting of documents submitted by Defendants and Plaintiff, are replete with grievances filed by Plaintiff with regard to his other claims, but there is no evidence of a grievance, formal or informal filed with regard to the alleged deprivation of meals. This claim accordingly must be dismissed based on Plaintiff's failure to exhaust remedies as required by the PLRA. See, e.g., Brown v. Commissioner, No. 99 Civ. 0976(WHP), 2003 WL 1571699, at *4 (S.D.N.Y. Mar. 26, 2003) (granting summary judgment to correctional officers where there was no evidence that inmate filed any grievance with respect to officer's alleged retaliatory conduct, and even if he filed something akin to a "constructive grievance," he failed to make any attempt to exhaust administrative appeals process); see also Collins v. Cunningham, No. 06-CV-420F, 2009 WL 2163214, at *7 (W.D.N.Y. July 20, 2009) (granting summary judgment to correctional defendants because no reasonable jury could find plaintiff's evidence sufficient to raise

-15-

a genuine issue of fact as to whether his exhausted available administrative remedies) (citation omitted).

### L.   Deliberate Medical Indifference

A large portion of Plaintiff's Motion for Reconsideration concerns the allegedly unconstitutional medical care he received at Southport. The gist of Plaintiff's complaints is that he was denied appropriate skin cream for his alleged eczema and that the administration of a tuberculosis ("TB") vaccine was mishandled. Plaintiff merely repeats his confusing and obtuse allegations concerning the circumstances surrounding his TB vaccination, which the Court has already addressed and found meritless.

As for his alleged eczema, the Court re-reviewed Plaintiff's medical records, and there is no indication that he was actively suffering from eczema the time relevant to his Complaint. The only notation in the records regarding eczema is that, a number of years prior to the Complaint, Plaintiff self-reported a history of eczema. Plaintiff has come forward with no basis for the Court to reconsider its dismissal of his claims of deliberate medical indifference as insufficient as a matter of law.

### IV. Conclusion

For the reasons discussed about, Plaintiff's Motion for Reconsideration is **denied with prejudice**. The Court hereby certifies that any appeal from this Decision and Order would not be

taken in good faith, and therefore denies leave to appeal in forma pauperis.

**SO ORDERED.**

                                            S/Michael A. Telesca

                                            HONORABLE MICHAEL A. TELESCA
                                            United States District Judge

Dated:    December 1, 2014
           Rochester, New York